**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ISAM ELDIN AMIN,** | **CASE NO. 4:06 CV 0848** |
| **PLAINTIFF** | **JUDGE PETER C. ECONOMUS** |
| v. | |
| **U.S. CITIZENSHIP AND** | |
| **IMMIGRATION SERVICES,** *et al.* | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| **DEFENDANTS** | |

This matter is before the Court upon Defendants' Motion to Dismiss. (Dkt. #9.) For the reasons that follow, said motion is **GRANTED**.

**I. BACKGROUND**

    **A.** *Applicable laws*

Before analyzing the jurisdictional issues, it is necessary to survey the statutory provisions that control in this case. Prior to 1990, United States District Courts were vested with exclusive jurisdiction to naturalize aliens as citizens of the United States. 8 U.S.C § 1421 (amended 1990). Congress changed the naturalization process with the Immigration Act of 1990, Pub.L. No. 101-469, § 401, 104 Stat. 4978, which shifted the primary responsibility for naturalization to the Attorney General. The Immigration Act vests the

Attorney General with "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). The district courts retained the authority to administer oaths of allegiance. 8 U.S.C. § 1421(a). In addition, the district courts were given authority to conduct *de novo* review of denials of applications for naturalization. 8 U.S.C. § 1421(c).

An alien becomes eligible to apply for naturalization after five years of continuous residence as a lawful permanent resident. 8 U.S.C. § 1427(a). After an N-400 Application for Naturalization is filed, an officer from the United States Citizenship and Immigration Services ("USCIS")[1] interviews the applicant, conducts a background check and makes a determination to either approve or deny the application. 8 U.S.C. § 1446. The applicant must demonstrate good moral character, the ability to speak and write English, and knowledge of United States history and government. 8 U.S.C. § 1423(a), § 1427(a)(3). If the application is denied, the applicant can file an N-336 Request for a Hearing on a Decision in Naturalization Proceedings before an immigration officer. 8 U.S.C. § 1447(a). This second hearing must be before an officer who did not conduct the original examination and who has a grade level equal to or higher than the original officer. 8 C.F.R. § 336.2(b). The applicant may seek review of the denial in the United States District Court if: (1) USCIS again denies the application after a hearing before an immigration officer; or (2) 120 days elapse from the date of the first determination without reconsideration taking place.

---

[1] In 2002, Congress abolished the former Immigration and Naturalization Services (INS) and transferred its functions to successor agencies located within the Department of Homeland Security. See 8 U.S.C. § 1551, Historical and Statutory Notes.

8 U.S.C. § 1421(c). The district court then reviews the case *de novo* and makes its own findings of fact and conclusions of law. Id.

### B. *Facts*

The Plaintiff, Isam Eldin Amin ("Amin"), is a native of Sudan and currently resides in the City of Canfield, Mahoning County, Ohio. Since January 3, 1996, he has been a lawful permanent resident of the United States. On August 22, 2005, Amin filed an N-400 Application for Naturalization with USCIS. On January 9, 2006, Amin appeared for an interview with USCIS Officer Joann Szcotka ("Szcotka"). During the interview, Amin told Szcotka that he married Magda Idris ("Idris") on February 14, 1980 in Kosti, Sudan. Szcotka then determined that Amin obtained a divorce from Idris on August 6, 2001, and married Ragaa Gouda ("Gouda") on April 5, 2002.

After Sczotka's interview with Amin, USCIS received a letter from Idris stating that Amin married Gouda before Amin's divorce to her was final (Dkt #9, Exhibit D). Consequently, USCIS questioned whether Amin was married to Idris and Gouda at the same time, so Amin was given an N-14 Request for Additional Evidence to document termination of marriage from Idris (Dkt #9, Exhibit A). Amin responded to the N-14 on January 27, 2006, with a letter from the Embassy of Sudan providing that Amin, "has divorced his wife, the Sudanese national, Ms. Magda M. Idris." (Dkt # 1, Exhibit B). USCIS determined that the submission did not provide adequate evidence of Amin's divorce because the letter from the Embassy failed to state the date of the alleged divorce or include any additional documentation confirming when the divorce took place (Dktn#1,

3

Exhibit B). USCIS issued a second N-14 requesting additional documentation and Amin responded on February 23, 2006, with a letter from his attorney and another copy of the letter from the Embassy of Sudan that he previously submitted.

On March 31, 2006, USCIS denied Amin's application on account of poor moral character and lack of prosecution. Specifically, USCIS cited Amin's failure to respond to the N-14 with evidence of his terminated marriage (Dkt #9, Exhibit C). The denial of Amin's application occurred within 120 days of his interview on January 8, 2006. The USCIS decision stated that Amin must request a hearing within 30 days of the decision date, or the decision would be final. Amin did not request an administrative hearing within 30 days to contest the denial of his Application for Naturalization, and subsequently filed the instant lawsuit on April 10, 2006.

Defendants filed this Motion to Dismiss on July 17, 2006, alleging that this Court is without jurisdiction to review Amin's claim because he failed to comply with the applicable regulations for obtaining review of the denial of his application for naturalization. (Dkt #9). Amin filed an Opposition to Defendants' Motion on August 29, 2006, arguing that subject matter jurisdiction is proper because Amin followed the necessary procedures to obtain review of the instant case in the district court (Dkt #11).

## II. ANALYSIS

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. Moir v. Greater Cleveland Reg'l Transit

Auth., 895 F.2d 266, 269 (6th Cir.1990). A party seeking to dismiss a claim pursuant to Rule 12 (b)(1) may engage in either (1) a facial attack to the complaint; or (2) a factual attack on the allegation contained therein. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. See RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994); see also Ohio Nat'l Life, 922 F.2d at 325.

Defendants do not specify whether their motion involves a facial or a factual attack on Court's subject matter jurisdiction. However, subject matter jurisdiction in this case turns on a question of statutory interpretation for which disputed facts, if any, are of little or no consequence. See Grewal v. Ashcroft, 301 F. Supp.2d 692, 694 (N.D. Ohio 2004) (treating government's motion to dismiss in a case involving alien's petition for review of the denial of her naturalization application as a facial attack). Accordingly, this Court treats the Government's motion to dismiss for lack of subject matter jurisdiction as a facial attack. As a result, the court takes all material allegations of the complaint as true and construes them in a light most favorable to the Plaintiff. RMI Titanium Co., 78 F.3d at1134-35.

5

**A.** *Subject Matter Jurisdiction*

The Government asserts that the Court lacks subject matter jurisdiction because Amin did not exhaust his administrative remedies before bringing the instant case. Pursuant to 8 U.S.C. §1447, a district court has jurisdiction to review an Application for Naturalization in two circumstances. 8 U.S.C. §§1447(a); 1447(b). First, if USCIS does not render a decision within 120 days of the an Application for Naturalization, the applicant may apply to the district court in which he resides to conduct a *de novo* hearing on the application. 8 U.S.C. § 1447(b); Sow v. Campbell, No. 05 Civ. 2598, 2006 WL 1302602 (W.D. Tenn. May 4, 2006). Amin's interview occurred on January 9, 2006, and his application was denied within 120 days of his interview on March 31, 2006 (Dkt #9). Therefore, this basis for jurisdiction is inapplicable.

The second instance in which the district court may review a denial of a naturalization application is outlined Section 310(c) of the Immigration and Naturalization Act ("INA")[2], which provides,

> A person whose application for naturalization under this title is denied, *after a hearing before an immigration officer under section 336(a)*, may seek review of such denial before the United States district court... Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

(emphasis added). Section 336(a) allows an alien whose application has initially been denied to seek a hearing before a senior immigration officer by filing an N-336 Request for

---

[2] Section 310(c) of the INA is codified at 8 U.S.C. § 1421(c).

6

a Hearing on a Decision in Naturalization Proceedings within 30 days after the applicant receives notice of denial. See C.F.R. §§ 336.1-.2 (2005).

In Dan Li v. INS, No. 00 Civ 7868, 2003 WL 102813 (S.D.N.Y. Jan. 10, 2003), the court held that an alien whose naturalization application had initially been denied was precluded from raising a claim before the district court until the alien requested a hearing before an immigration officer pursuant section 336(a). The petitioner in Dan Li filed an N-400 Application for Naturalization that was subsequently denied due to petitioner's inability to demonstrate English proficiency. The petitioner then brought a claim in the district court without requesting a section 336(a) hearing. The court held that the language in INA § 310(c), allowing district court review "after a hearing before an immigration officer under section 336(a)," demonstrated that exhaustion of the section 336(a) hearing is a prerequisite to judicial review. Id at *3. Therefore, the court dismissed the petitioner's claim for lack of subject matter jurisdiction. See also Aparicio v. Blakeway, 302 F.3d 437, 440 (5th Cir. 2002) (noting that "applicants may only appeal to the district court... if they sought administrative review and the application was then denied); Adebola v. Watson, No. 05 Civ 0443, 2005 WL 2318536 (N.D. Tex. Sept. 20, 2005) (dismissing plaintiff's claim because he failed to submit a request for administrative review of the denial of his application).

In the instant case, the Government likewise contends that the Court lacks subject matter jurisdiction because Amin did not request a section 336(a) hearing within 30 days after he received notice that his application for naturalization was denied. Amin contends

7

that he exhausted administrative remedies because his meeting with USCIS officer Szcotka on January 9, 2006, constituted a "hearing" within the meaning of the section 336(a). However, Amin does not offer proof, or even allege, that he submitted an N-336 form to request a section 336(a) hearing within 30 days of the denial his application for naturalization. In the USCIS decision to deny Amin's application, it clearly stated that if Amin wanted a review hearing, he was required to file an N-336 within 30 days of the denial. In the absence of evidence that Amin filed an N-336, his contention that the January 9 meeting with Szcoka was a section 336(a) hearing is without merit. Accordingly, Amin has failed to exhaust administrative remedies as established in INA § 310(c) and the Court lacks subject mater jurisdiction to review Amin's claim.

### B. *Exceptions to Exhaustion Requirement*

Amin asserts that even if he failed to exhaust administrative remedies, subject matter jurisdiction is proper because exhaustion should be excused in the instant case.[3] Amin cites Iddir v. INS, 301 F.3d 492 (7th Cir. 2002) for the proposition that the plaintiff is not required to exhaust his remedies because, under certain conditions, exhaustion may be excused. In Iddir, the court stated that exhaustion may be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due or unreasonable delay or an "indefinite time frame for administrative action"; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would

---

[3] Several circuits have indicated that "constitutional challenges to the INA and INS procedures and some due process claims do not require exhaustion." Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir.2003); Akinwunmi v. INS, 194 F.3d 1340, 1341 (10th Cir.1999). However, Amin does not raise a due process claim or constitutional challenge, so these cases are not applicable to the instant case.

8

>>be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

Iddir, 301 F. 3d at 498. The appellants in Iddir applied for permanent resident visas through the Diversity Visa Lottery Program ("DV Program"), which distributed visas through a random lottery system to persons from countries with historically low immigration rates. After the lottery winners in the DV Program were notified of their selection, the applicants had to complete the process, application, and adjudication before the fiscal year expired. The appellants in Iddir were selected for the DV lottery and promptly applied for adjustment of status to obtain their permanent residency visa. However, the waiting period for an interview with the INS was so long that appellants were unable to schedule an interview within the fiscal year. This resulted in the denial of their application on the grounds that time within which the petitions had to be heard expired. The court excused exhaustion because at least two exceptions to the exhaustion requirement were met: (1) there was an "indefinite time frame for relief" because the INS did not know when, if ever, removal proceedings would be instituted; and (2) the time period for the DV Program expired, rendering appeal through the administrative process futile. Iddir, F. 3d at 499.

Amin argues that exhaustion should be excused because three exceptions to the exhaustion requirement outlined in Iddir are met. First, Amin argues that an "indefinite time frame for administrative action" exists because USCIS does not have a fixed time period in which they are required to rule on a N-336 request for a hearing on a decision in

9

a naturalization proceeding.  This argument ignores 8 C.F.R. § 336.2(b), which states that "upon timely request for a hearing, the Service shall schedule a review hearing before an immigration officer, within a reasonable period of time *not to exceed 180* days from the date upon which the appeal is filed."  (emphasis added).

Next, Amin agues that USCIS lacks the ability and competence in Islamic divorce law necessary to determine whether Amin obtained a valid divorce.  While exhaustion of administrative remedies may be excused if an agency lacks institutional competence to resolve the particular type of issue presented,  Iddir, F.3d at 499; see also McCarthy v. Madigan, 503 U.S. 140, 146-148 (1992); Moore v. City of East Cleveland, OH, 431 U.S. 494, 497 (1977), there is  no evidence that USCIS lacks the institutional capacity to resolve issues regarding naturalization applications.  USCIS attempted to determine whether Amin obtained a divorce from Idris by issuing two N-14 requests for the documentation.  The sole piece of documentation they received was a letter from the Embassy of Sudan stating that Amin divorced Idris, without providing the date of the alleged divorce or the documents in support of its conclusion.  Subsequently, USCIS denied Amin's application for naturalization in a timely manner based on his failure to submit additional evidence.  In contrast to Iddir, Amin's application was denied because he failed to provide USCIS with adequate documentation, not because USCIS lack institutional capacity to resolve the issue.

Finally, Amin argues that appealing to the administrative process would be futile because USCIS is biased and has predetermined that Amin did not obtain a divorce from Idris.  In Iddir, appealing to the administrative process was futile because INS was unable

10

to grant the appellants visas after the expiration of the DV Program. In the instant case, however, Amin may file another N-400 application for naturalization after compiling all of the documents necessary to prove when his divorce occurred. As a result, appealing to the administrative process will not be futile. Amin's failure to exhaust administrative remedies leaves this Court without subject matter jurisdiction to review the denial of his application for naturalization.

### III. CONCLUSION

For the forgoing reasons, the Court hereby orders that Defendants' Motion to Dismiss (Dkt. #9) is **GRANTED**.

**IT IS SO ORDERED.**

>  **/s/** *Peter C. Economus* **- September 14, 2006**
>  **PETER C. ECONOMUS**
>  **UNITED STATES DISTRICT JUDGE**